```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  10-62379-CIV-HUCK
                              MAGISTRATE JUDGE P. A. WHITE
CARLTON GRATE,                :

     Plaintiff,               :

v.                            :      REPORT OF
                                     MAGISTRATE JUDGE
STEVEN DIEFENBACHER,          :

     Defendant.               :
_____
```

The pro-se plaintiff, Carlton Grate, filed a civil rights complaint pursuant to 42 U.S.C. §1983, alleging use of unlawful force upon arrest.(De#1) The plaintiff is proceeding *in forma pauperis*. [DE# 6].

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -

>            \*   \*   \*
>
> (B) the action or appeal -
>
>            \*   \*   \*
>
> (I)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

3

B.  <u>Factual Allegations</u>

The plaintiff alleges that on October 8, 2009, he was arrested, with three other co-defendants, for burglary of an unoccupied structure and grand theft of a Radio Shack in Hollywood, Florida. The plaintiff attempted to flee the scene and K-9 Officer Diefenbacher, along with K-9 dog Drago, and other officers attempted to arrest him. The plaintiff was found hiding in the bushes and the defendant illuminated the bushes with a flashlight. He was ordered to place his hands up and he complied. In spite of his compliance, Diefenhacher ordered the K-9 dog to attack. The plaintiff was bitten several times, and then handcuffed. While cuffed, the plaintiff claims that Diefenbacher again ordered K-9 Drago to attack, and the plaintiff was again bitten. He claims he was treated at Hollywood Memorial hospital for his dog bite injuries.  He seeks monetary damages.

C.  <u>Analysis of Sufficiency of Complaint</u>

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436 (11 Cir. 1985). A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard. <u>Graham v. Connor</u>, 490 U.S. 386 (1989); <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1346-47 (11 Cir. 2002); <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1197 (11 Cir. 2002); <u>Ortega v. Schram</u>, 922 F.2d 684, 694 (11 Cir. 1991).

Such an analysis requires a court to balance "the nature and quality of the intrusion on the individual's Fourth Amendment

4

interests against the importance of the government interest alleged to justify the intrusion." Graham, supra, quoting United States v. Place, 462 U.S. 696 (1983). The factors to consider when balancing an arrestee's constitutional rights and the need for use of force include (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight; Graham, supra, 490 U.S. at 396; Vinyard, supra, 311 F.3d at 1347; Lee, supra, 284 F.3d at 1197; and in determining whether the force applied was "reasonable" under the circumstances, the Court must examine: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; and (3) the extent of the injury inflicted upon the individual to whom the force was applied. Graham, at 396; Vinyard, at 1347; Lee at 1998. Although the test applied by the Eleventh Circuit previously included a subjective prong, examining whether the force was applies maliciously, see e.g. Leslie v. Ingraham, 786 F.2d 1533, 1536 (11 Cir. 1986), that factor was eliminated from the analysis by Graham and other cases establishing that the excessive force inquiry should be completely objective, thereby excluding consideration of the Officer's intentions. Lee, supra, 284 F.3d at 1198 n.7. Thus, "reasonableness" for purposes of such an analysis is judged according to an objective standard under the totality of the circumstances, without regard to the officers' underlying intent. Graham, supra at 389. In Lee, the Eleventh Circuit explained that "Graham dictates unambiguously that the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." Lee, supra, 284 F.3d at 1198.

**K-9 Force**

The practice of police departments authorizing officers to use trained police dogs to find, seize and hold suspects, by biting if necessary, has been upheld by the courts. See: Kerr v. City of West Palm Beach, 875 F.2d 1546 (11 Cir. 1989); Chew v. Gates, 744 F.Supp. 952 (C.D.Cal. 1990). However, whether a particular use of force is a sufficient intrusion, so as to violate a suspect's Fourth Amendment rights, is subject to analysis under Graham v. Connor, supra. In this case the plaintiff alleges that Officer Diefenbacher ordered K-9 Drago to attack him both after his hands were in the air, and once he was cuffed, resulting in injuries. The plaintiff has stated a claim for use of unlawful force at this preliminary stage.

K-9 Drago

The plaintiff names the K-9 dog Drago as a defendant. A complaint filed pursuant to 42 U.S.C. §1983 must demonstrate that a person, acting under color of state law violated his civil rights. Polk County v Dodson, supra. A dog is not a person for purposes of a §1983 claim. It is recommended that K-9 Drago be dismissed.

### III. Conclusion

It is therefore recommended as follows:

1. K-9 Dog Drago be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. This case shall continue against Defendant Officer Diefenbacher for use of unlawful force.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 14th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Carlton Grate, Pro Se
 Jackson Work Camp
 Malone, FL
 Address of Record